### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION.

### JACKSON, APRIL TERM, 1922.

OSCAR ROBERTS *v.* THE STATE.*

(*Jackson.* April Term, 1922.)

1. **CRIMINAL LAW.** If courts strike plea on improper ground, its action should be sustained if other ground stated is valid.

Where the court's action in striking a plea in abatement to an indictment for receiving and concealing stolen property is based upon erroneous grounds, its action should be sustained if any of the other grounds stated in the motion are well taken. (*Post, pp.* 326, 327.)

Acts cited and construed: Acts 1919, ch. 37.

2. **CRIMINAL LAW.** Plea in abatement not duplicitous if facts relate to one material issue and not to different defenses.

A plea in abatement is bad for duplicity, when it presents two issues, one of law and another of fact, but a plea is not duplicitous because it states more than one distinct fact, nor is a plea bad because it refers to the statutes or the law rendering the facts determinative; if the facts stated relate to one material issue and not to different defenses it is not subject to attack for duplicity. (*Post, p.* 327.)

---

*On necessity and sufficiency of description of offense in bail bond or recognizance see note 38 L. R. A. (N. S.), 309.

Cases cited and approved: Trabue v. Higden, 44 Tenn., 620; Pilcher v. Hart, 20 Tenn., 536.

3. **CRIMINAL LAW.** *Plea in abatement held not duplicitous.*

A plea in abatement to an indictment for receiving and concealing stolen property alleged the disqualification of the foreman of the jury, the defectiveness of the jury in that it was composed of eleven jurors when twelve were required, and further referring to Private Acts 1921, chapter 615, relative to the proper selection of a grand jury and the appointment of a foreman, *held* not duplicitous as presenting a question of constitutional law to be determined before the question as to the selection of the grand jury could be inquired into; but the plea presented facts relating to but one issue, it being immaterial whether the acts of the legislature were pleaded, as it was necessary for the court to consider their constitutionality in order to decide the issues presented. (*Post, pp.* 328, 329.)

4. **CRIMINAL LAW.** *Constitutionality of law not considered on appeal, where question not presented in brief or at trial.*

Where the trial court overruled a plea in abatement to an indictment on the ground that a statute relied on was invalid, but the constitutionality of the act is not asserted nor referred to by the State, either in the brief or at the trial, and it is not apparent from anything suggested on what grounds the acts are unconstitutional, the question will not be considered by the appellate court. (*Post, pp.* 328, 329.)

Acts cited and construed: Acts 1921, chs. 534, 615.

5. **GRAND JURY.** *Only grand jurors selected according to law can prefer valid indictment.*

There is no such thing as a *de facto* grand jury, for the law undertakes to provide the method of selecting men who can prefer a valid indictment, and no others can do so.   (*Post, pp.* 329, 330.)

6. **CRIMINAL LAW.** *Indictment and information.* *Plea in abatement held erroneously stricken without trying issues of facts.*

Where a plea in abatement to an indictment for receiving and concealing stolen property showed that the list of jurors required by

Roberts v. State.

Private Acts 1921, chapter 615, and the appointment of D. as foreman, by the circuit court, was certified to that court, but the trial judge ignored the Acts of 1921 by selecting only eleven jurors from the list when twelve were required, and treated them as bystanders, and himself appointed M. foreman not on the list, *held*, under the facts alleged, the indictment was bad, and issue should have been taken upon the facts alleged in the plea, instead of striking it out merely on the ground that the acts of 1921 were unconstitutional. (*Post, pp.* 329, 330.)

FROM HENDERSON.

Error to the Circuit Court of Henderson County.—HON. N. R. BARHAM, Judge.

McCORRY & ANDERSON, JOHN F. HALL and T. A. LANCASTER, for plaintiff in error.

CHAS. L. CORNELIUS, Assistant Attorney-General, for the State.

MR. JUSTICE L. D. SMITH, delivered the opinion of the Court.

Plaintiff in error was convicted of receiving and concealing stolen property, to-wit, a Ford automobile belonging to W. F. Boren. The assignments of error are based upon, (1) the court's action in striking the plea in abatement filed to the indictment; (2) upon the preponderance of the evidence in his favor; (3) the court's action in declining to charge the jury in accordance with special request; (4) the admission of testimony; (5) the disqualification of a juror; and (6) upon newly discovered evidence.

The plea in abatement which was stricken avers in sub-
stance that one W. L. Moore, who signed the indictment
as foreman and who acted as a member of the grand jury
in preferring the indictment, had not been selected and
appointed to that office by the county judge of Henderson
county, nor had he been selected as a member of the grand
jury as required, and the plea referred to the acts of the
legislature which provided the method for the selected of
a grand jury and the appointment of a foreman. The plea
further sets forth that only eleven jurors were selected by
the court from the list furnished by the jury commission;
that the county judge had appointed one J. R. Dennison
as foreman, and the court, instead of allowing and per-
mitting the said Dennison to act as foreman of the grand
jury, appointed said Moore. The plea sets forth facts
tending to show that there existed no conditions which
would disqualify the regular foreman appointed by the
county judge from acting, and to show that the circuit
judge was without authority to appoint a different fore-
man for the grand jury.

The court, in the order striking the plea, based its action
upon the ground that the acts of the legislature of 1921,
providing a method for the selection of a grand jury, were
unconstitutional, and that therefore the selection of the
jury was regulated by chapter 37 of the Acts of 1919. This
ground of the court's action was one of the grounds upon
which the motion of the district attorney to strike the
plea was based. There were other grounds of the motion,
and if either of the grounds be well taken, the action of the
trial court should be sustained. One ground was that the
court could judicially know the county judge of Henderson
county was a member of the bar, a practicing attorney be-

fore the court, and therefore he was incompetent to appoint a foreman of the grand jury. Another ground was that the foreman who signed the indictment was a de facto officer, acting under a color of office, and his acts were therefore valid.

The attorney-general of the State in his brief to affirm the judgment, does not rely upon the reason given by the trial court for his action, nor upon any of the other grounds urged by the district attorney below. The contention of the State is:

"Without discussion or effort to sustain the grounds set out in the motion by the attorney-general to strike, or by the trial judge in sustaining the motion and striking the plea in abatement from the files, the state now respectfully submits that the action of the trial judge in striking the plea in abatement from the files on the motion of the State was without error, for the reason that the plea in abatement was clearly duplicitous (double?), and for that reason bad as a plea to the indictment."

The contention is that the plea presents questions of constitutional law to be determined before the question as to the selection of the grand jury could be inquired into. In support of this contention, reliance is had upon the case of *Trabue* v. *Higden,* 4 Cold., 620. We are unable to agree with this contention of the state. It is true that a plea is bad for duplicity when it presents two or more issues, one of law and another of fact. The purpose of a plea is to make an issue of fact, but it does not follow that because there is more than one distinct fact stated in a plea that it is double, neither does it render the plea bad because it refers to the statutes or the law rendering the facts determinative. If the facts stated relate to one material issue

and not to different defenses, it is not subject to attack for duplicity. *Pilcher* v. *Hart,* 1 Humph., 536; 21 R. C. L., 457.

In the case of *Trabue* v. *Higden,* the plea in abatement was filed to the attachment and was based upon two grounds, (1) a denial of the facts stated in the affidavit for the attachment, and (2) a denial of the authority of the clerk of the circuit court to issue the attachment. In the case at bar, as in the case of *Pilcher* v. *Hart,* there were various distinct facts stated, but they all relate to the one issue, except those which were admitted to be immaterial, and such immaterial facts were treated as mere surplusage. The references made in the plea here to the act of the legislature, may be thus treated, because they do not relate to any other than the one issue involving the qualification of the grand jury who preferred the indictment. All issues of fact must be resolved in harmony with the existing law, and whether the acts of the legislature were stated or not, it was necessary for the court to consider their validity and constitutionality in order to decide the issue presented by the facts alleged. We are under no obligation to consider the unconstitutionality of the acts in question, since they are not asserted nor referred to by the state either, in brief or at the bar, and it is not apparent from anything suggested as grounds for holding the acts unconstitutional.

Treating the acts of the legislature as being constitutional, the question is presented as to whether or not the plea makes a case. By chapter 37 of the Acts of 1919, the various criminal judges of the State and the circuit judges exercising criminal jurisdiction are required to appoint foremen of the grand juries of the various counties of their respective jurisdiction. The foreman thus appointed holds

Roberts v. State.

his office and exercises his powers for two years, unless for good cause he is removed. The act makes the foreman a member of the grand jury with equal power and authority in all matters with the other members thereof. In the selection and making up of the grand jury, the court selects twelve instead of thirteen as was required by the Code, so that the grand jury shall be composed of twelve jurors whose names are first drawn, and of the foreman appointed by the circuit judge. The circuit judge is by this act given authority in case of sickness or incompetency of the foreman appointed by him, to fill the vacancy. This act does not undertake to make any change in the method of selecting the grand jury other than is effected by the provision for the appointment of a foreman and in making him a member of the grand jury. Chapter 534, Private Acts 1921, purports to amend chapter 37, so as to exclude Henderson county from the operation of the general law. Chapter 615, Private Acts of 1921, undertakes to provide a method for the selection of grand and petit juries in that county. This act provides for the jury commission to certify to the circuit court a list of thirty-seven jurors from which there shall be selected twelve, to act as the grand jury along with the foreman, who is to be appointed by the county judge.

The plea shows that the list of jurors required by the act of 1921 was certified to the circuit court and that Dennison was appointed as foreman by the county judge, and that fact certified to the circuit court. The trial judge ignored the Acts of 1921, proceeded to select eleven from the list certified by the jury commissioners, treating them merely as bystanders, and himself appointed a foreman, Mr. Moore, who was not on the list, but who was appointed

by the circuit judge under the provisions of the act of 1919.

By this method there were selected only eleven grand jurors who were qualified to serve as such under the law. The grand jury which found the indictment was composed only of twelve men, whereas the law requires thirteen and one of the twelve was without authority to serve. There is no such thing as a *de facto* grand jury. The law undertakes to provide the method of selecting men who can prefer indictments, no others can prefer a legal and valid indictment.

Under the facts alleged in the plea, the indictment is bad, and the motion to strike the plea was erroneous. Issue must be taken upon it, and, if the facts are found to be true, the indictment quashed. However, inasmuch as the constitutionality of the acts is not made before us, this decision will not operate to prevent the State from hereafter questioning the validity of the acts in question.

In view of the foregoing, it becomes unnecessary to discuss the assignment of errors upon the facts of the case. We have examined the questions raised upon the action of the court in refusing to give the instructions requested, in passing upon the admission of testimony, and in overruling the motion on account of the disqualification of jurors and newly discovered evidence. None of them possess any real merit, nor are they of sufficient importance to deserve any extended discussion thereof here.

The judgment of the circuit court will be reversed, and the cause remanded, for further proceeding not inconsistent with this opinion.